IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LUIS M. CLARK,

    *Petitioner*,

v.                                                                                No. 19-cv-1976-SB

SUPERINTENDENT, S.C.I. Retreat,
ATTORNEY GENERAL, State of
Delaware,

    *Respondents*.

---

Luis M. Clark, Smyrna, Delaware.

    *Pro se Petitioner.*

Andrew J. Vella, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.

    *Counsel for Respondents.*

---

# MEMORANDUM OPINION

January 26, 2021

BIBAS, *Circuit Judge*, sitting by designation:

While a self-defense instruction might help a criminal defendant, a chance that the judge will override the jury's conviction might be even better. At Luis Clark's criminal trial, his lawyer decided to trade the first possibility for the second. It did not work out, and Clark now objects to losing out on the self-defense instruction. But because his lawyer intentionally gave up the instruction, this claim is waived. And although the lawyer's gamble did not pan out, his strategy was sound at the time and almost certainly made no difference. Because his lawyer was effective, I will deny his habeas corpus petition.

## I. BACKGROUND

### A. Clark's trial and conviction

In July 2012, a parking-spot spat spiraled out of control. Clark saw his neighbor Oscar Ventura park in a handicapped space. Clark accused him of parking illegally. They started shouting, Ventura got out of the car, and soon they were fighting. D.I. 14-2, App. 229–30, 404. Ventura attacked Clark with a taser attached to brass knuckles; Clark pistol-whipped Ventura in the face with a handgun. Eventually, Clark walked away from the fight with the gun. Ventura went to the hospital, suffering long-term brain damage. App. 81–82, 231–32, 405.

The State of Delaware charged Clark with assault, aggravated menacing, reckless endangerment, possession of a gun during a felony, and possession of a gun by a felon. App. 14–17. At trial, the prosecution argued that Clark was the aggressor. It claimed that Clark owned the gun and approached Ventura's car with his gun out. Ventura then got out of the car with the taser to protect his children, who were in the back seat. App. 273–74.

2

But Clark claimed that the gun was originally *Ventura's*. He said that he grabbed the gun in self-defense and then hit Ventura with it to subdue him and escape. App. 232–33. A family friend backed up that story at trial. App. 194, 197–98. And his lawyer, Adam Windett, asked the judge to instruct the jury to acquit on all charges if Clark was acting in self-defense. App. 176.

The judge said no, offering little explanation. App. 176. But he had a different idea. He offered to tell the jury to consider self-defense for most of the charges—all but the two gun charges. *Id.* He added that if the jury acquitted Clark of all the other charges, he "would favorably entertain a motion for judgment of acquittal" of the gun charges. App. 178. Windett said "[he]'d be agreeable to that" and dropped the issue. *Id.*

The judge's offer never mattered. The jury convicted Clark of not only the gun charges, but also assault and reckless endangerment. The judge sentenced him to forty-six years in prison plus a year of probation. App. 357–58.

**B. Clark's appeal and habeas**

On direct appeal, Clark wanted Windett to challenge the omission of the gun charges from the self-defense instruction. But Windett refused to make that argument. D.I. 1, at 7–8. Instead, Windett withdrew, Clark pressed other arguments, and the Supreme Court of Delaware affirmed. App. 403, 414.

Next, Clark filed a state habeas petition (technically, a motion for post-conviction relief) in the Delaware Superior Court. Again, he did not challenge the omission of the self-defense instruction. But he did criticize Windett for not requesting a similar (but distinct) choice-of-evils instruction. App. 519. The Superior Court denied relief.

3

On appeal, Clark argued for the first time that Windett was ineffective for not seeking a self-defense instruction. *Clark v. State*, 2018 WL 4846538, at *2 (Del. 2018). The court disagreed. It pointed out that "Clark's trial counsel did, in fact, request that a self-defense jury instruction be given as to all the charges" but that the trial court "declined." *Id.*

Clark now brings a federal habeas petition under 28 U.S.C. § 2254. He claims that the trial court violated due process by not giving a complete self-defense instruction. D.I. 1, at 6. He also claims that Windett gave ineffective assistance of counsel for not objecting to that error on trial or appeal. D.I. 1, at 8.

## II. CLARK RECEIVED DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL

Although the trial judge omitted a self-defense instruction for both gun charges, Clark's habeas petition challenges the omission only for one, possession of a gun by a felon. He claims that Windett should have asked for that instruction and the judge should have given it. I disagree.

To start, Windett *did* ask for it, but then waived it. That waiver binds Clark. Nor was Windett's waiver ineffective assistance of counsel. He made a reasonable tactical choice to accept the judge's better offer. Plus, the jury convicted Clark on two other counts despite a self-defense instruction, probably because it thought that he was the aggressor. So the failure to apply the self-defense instruction to all charges made no difference.

### A. Clark waived his due-process claim

Clark may have had a due-process right to the self-defense instruction on all charges. *See Gov't of Virgin Islands v. Smith*, 949 F.2d 677, 681–82 (3d Cir. 1991); *Gutierrez v. State*, 842 A.2d 650, 651–53 (Del. 2004). But he waived any right to it. To waive a right,

4

a party must be "aware of" it "yet intentionally cho[o]se to abandon the right." *Gov't of Virgin Islands v. Rosa*, 399 F.3d 283, 291 (3d Cir. 2005); *accord Minna v. Energy Coal S.p.A.*, 984 A.2d 1210, 1214 (Del. 2009) (same, under Delaware law). Windett knew he could ask for a self-defense instruction on the gun charges and even did so. But then he heard the judge's alternative proposal, endorsed it, and abandoned his request without protest. By doing that, he waived the instruction. *See United States v. Griffin*, 84 F.3d 912, 923–24 (7th Cir. 1996) (holding that a lawyer's "approval of [an] instruction … . constituted an abandonment of whatever previous objection [he] may have had … . [and] amounted to a waiver of the right to claim error on appeal.").

True, Clark now says that he disagreed with his lawyer's waiver. But that makes no difference. Though lawyers must consult their clients on fundamental questions like whether to plead guilty, they do not need their approval to make binding "tactical decision[s]." *Gonzalez v. United States*, 553 U.S. 242, 250 (2008). Decisions about jury instruction are tactical. *See Graham v. Mabry*, 645 F.2d 603, 606 (8th Cir. 1981); *State v. Dickinson*, 2012 WL 3573943, at *5 (Del. Super. Ct. Aug. 17, 2012). Windett's waiver binds Clark. So he cannot press his due-process argument here and could not have raised it on direct appeal. If he has any remedy, it is through his claim that Windett was ineffective at trial.

### B. Clark's trial counsel was effective

Clark claims that Windett was ineffective for not seeking a self-defense instruction for the gun count. But he *did* ask for that instruction; the trial judge said no. Clark seems to be challenging Windett's decision to drop the issue once the trial judge suggested he would

5

acquit Clark of the gun charges if the jury acquitted him of the non-gun ones. That claim fails too. Windett performed reasonably, and the instruction did not matter.

1. *Windett performed reasonably*. When reviewing a lawyer's performance, a court must "indulge a strong presumption that [his] conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). To rebut that presumption, a petitioner must show that no reasonable lawyer would have done what his lawyer did. *Rompilla v. Beard*, 545 U.S. 374, 389 (2005). Lawyers thus have "wide latitude" to make tactical choices and judgment calls. *Strickland*, 466 U.S. at 689.

Windett's strategy was not just reasonable, but shrewd. It cost Clark little and gained him a chance to avoid years in prison.

a. *The jury instruction was unlikely to help*. To start, Windett could have easily thought that the instruction probably would not help. The final version of the judge's instruction was: "In this case, the defendant has asserted as a defense to assault in the second degree, aggravated menacing, and reckless endangerment in the first degree that he was justified in using force in defense of himself." App. 263–64. If Clark had gotten his way, the only difference would have been adding the gun charges to that list. But the listing did not bar considering self-defense for the gun charges too. It left Clark free to argue the point and supplement the judge's list. In his closing argument, Windett did just that. App. 298–99.

Even if the jury would not consider self-defense for the gun charge without an explicit instruction, Windett could have reasoned that Clark would get the benefit of the instruction anyway. If the jury thought that Ventura started off with the gun (as it would have to do,

6

to find self-defense), then it would likely treat *all* his actions as self-defense and acquit him of all the non-gun charges. Then the judge would acquit him of the gun charges.

True, the jury might have thought that after Clark snatched Ventura's gun, he became the aggressor by beating him up instead of running away. So it might have acquitted on the gun charges but convicted him of assault. But that seems unlikely. The prosecution never made that argument. And the jury might have found that Clark was unjustified in holding the gun and convicted him of gun possession anyway. Windett could have reasonably thought that the risk of his strategy's backfiring was slim.

b. *The judge's offer was favorable*. On the other hand, Windett could have reasonably thought that his strategy would save Clark from conviction. By withdrawing his request for the self-defense instruction, Windett cemented the judge's valuable offer to acquit Clark if the jury acquitted him of the non-gun charges. A rational jury could have acquitted on the non-gun charges but still convicted of the gun charge. For instance, Clark might have been justified in grabbing the gun temporarily to defend himself, but not justified in walking away with it. The prosecution hinted that it would make this argument. App. 177. By taking the judge's offer, Windett neutralized that argument.

Of course, Clark was convicted of some other charges. But I must judge Windett based on "the information known at the time of the decision[ ], not in hindsight." *Strickland*, 466 U.S. at 680. At the time, the strategy had a real chance of helping.

In sum, Windett's strategy could have hurt Clark only if several unlikely conditions held. But it could have saved him years in prison if the jury credited an argument that the prosecution threatened to make. The strategy was sound.

2. *Windett's waiver did not prejudice Clark*. In any event, his waiver made no difference. To show prejudice, Clark must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. He has not shown that. The trial came down largely to who had the gun first. Most of the evidence was about that issue, and both sides' closing arguments turned on it. *E.g.*, App. 273–74, 299. For instance, to show that Clark started with the gun, the prosecution relied on Ventura's testimony, Clark's flight from the crime scene, and the unlikelihood that Ventura would whip out a loaded gun near his kids. App. 273–75.

Still, the jury convicted Clark on some counts. It probably credited the prosecution's evidence and thought Clark started with the gun. If so, a self-defense instruction would not have helped. It is conceivable that the jury convicted for some other reason. But to prove ineffective assistance, "[i]t is not enough for the defendant to show that the [alleged] errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. There must be a reasonable probability. Because Clark has not shown that, his claim fails.

\* \* \* \* \*

In waiving Clark's right to a self-defense instruction, his lawyer acted reasonably. In any event, the waiver made no difference. I will thus deny his habeas petition. But because a reasonable jurist could disagree, I will grant a certificate of appealability.